## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **BOTH-WELL (TAIZHOU) STEEL FITTINGS, CO., LTD.,**<br> **Plaintiff,**<br><br> **v.**<br><br> **UNITED STATES,**<br> **Defendant.** | **Court No. 21-00166** |

## COMPLAINT

Plaintiff Both-Well (Taizhou) Steel Fittings, Co., Ltd. commences this action against the United States and alleges the following.

### Parties

1.      Plaintiff Both-Well (Taizhou) Steel Fittings, Co., Ltd. ("Both-Well") is a Chinese producer and exporter of forged steel fittings during the period of review, March 14, 2018 to December 31, 2018.

2.      Defendant is the United States acting by and through the U.S. Department of Commerce (the "Department").

### Jurisdiction

3.      Both-Well brings this action under 19 U.S.C. §§ 1516(a)(2)(A)(i)(I) and (a)(2)(B)(iii) to contest the final results in the Department's administrative review of the countervailing duty order on forged steel fittings from the People's Republic of China.  *See Forged Steel Fittings From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2018*, 86 Fed. Reg. 14722 (March 18, 2021), *incorporating* Issues and Decision Memorandum for the Final Results of the 2018 Countervailing Duty

Administrative Review of Forged Steel Fittings from the People's Republic of China (March 10, 2021). This Court thus has jurisdiction over this action under 28 U.S.C. § 1581(c).

## Standing

4. Both-Well is a foreign producer and exporter of subject merchandise that participated in the administrative review resulting in the contested determination, and thus is an interested party within the meaning of 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(A).

5. Because the Department's final results overstated Both-Well's countervailing duty margin, Both-Well has been adversely affected or aggrieved by agency action within the meaning of Section 702 of Title 5 of the United States Code, and thus has standing to bring this action under 28 U.S.C. § 2631(c).

## Timeliness

6. The Department published notice of the *Final Results* in the *Federal Register* on March 18, 2021. Both-Well filed a summons instituting this action on April 16, 2021, which is within 30 days of said publication, serving notice of the action on all other participants in the investigation on the same date. Both-Well is filing this complaint concurrently with the summons. Both-Well thus commenced this action within the time limits specified in 19 U.S.C. § 1561a(a)(2)(A), 28 U.S.C. § 2636(c), and USCIT Rule 3.

## Facts

7. The countervailing duty order at issue covers forged steel fittings.

8. On January 17, 2020, the Department initiated the first administrative review of the countervailing duty order on forged steel fittings from China. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 3014 (Jan. 17, 2020).

9.      On November 13, 2020, the Department published its preliminary results in the administrative review. *Forged Steel Fittings From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review; 2018*, 85 Fed. Reg. 72627 (Nov. 13, 2020). The Department found the Export Buyer's Credit Program countervailable and applied adverse facts available to the program stating the Government of China failed to provide the necessary information the Department requested. Applying AFA, the Department preliminarily determined a countervailable subsidy rate of 10.54 percent *ad valorem* for the Export Buyer's Credit Program.

10.     Both-Well timely submitted a case brief outlining why the Department should find the Export Buyer's Credit Program not used by Both-Well during the POR and further challenging the Department's selected rate for the Program.

11.     On March 18, 2021, the Department published its Final Results. The Department continued to find the Export Buyer's Credit Program countervailable, and continued to assign the AFA rate of 10.54 percent *ad valorem* for this program. As a result, Both-Well's countervailing rate is 25.90 percent *ad valorem*.

## COUNT I

12.     Both-Well incorporates the allegations in the previous paragraphs.

13.     Both-Well and its importers placed information on the record attesting to non-use of the Export Buyer's Credit Program. The Department's determination that Both-Well, or its importers, benefited from the Program is unsupported by substantial evidence or otherwise not in accordance with law. *See* 19 U.S.C. §1516a(b)(1)(B)(i) (the Court shall hold unlawful Department decisions that are unsupported by substantial evidence or otherwise not in accordance with law).

## COUNT II

14.     Both-Well incorporates the allegations in the previous paragraphs.

15.     The Department's application of an AFA rate to Both-Well with respect to the Export Buyer's Credit Program without identification of any deficiencies in Both-Well's response is contrary to law.  *See* 19 U.S.C. §1516a(b)(1)(B)(i) (the Court shall hold unlawful Department decisions that are unsupported by substantial evidence); *see also* 19 U.S.C. 1677m(d) (holding that the Department must identify and deficiencies in a response and allow the opportunity to cure the deficiency).  The Department reviewed all of Both-Well's questionnaire responses but never identified a deficiency to the Export Buyer's Credit Program response.

## COUNT III

16.     Both-Well incorporates the allegations in the previous paragraphs.

17.     The AFA rate the Department chose for the Export Buyer's Credit Program is unsupported by substantial evidence or otherwise not in accordance with law.  *See* 19 U.S.C. §1516a(b)(1)(B)(i) (the Court shall hold unlawful Department decisions that are unsupported by substantial evidence or otherwise not in accordance with law).

### Prayer for Relief

WHEREFORE, Both-Well respectfully request that the Court enter judgment in its favor and against the Defendant:

(1)     Declaring the Department's determination that Both-Well benefitted from the Export Buyer's Credit Program unsupported by substantial evidence;

(2)     Declaring that the Department's application of an AFA rate to Both-Well is contrary to law;

(3)      Declaring the particular AFA rate for the Program to be unlawful;

(4)      Remanding this Program to the Department with instructions to remove the

Program from the list of programs found to benefit Both-Well and deduct the associated margin

points from Both-Well's aggregated countervailing duty margin; and

(5)      Granting Both-Well such other relief as the Court may deem appropriate.


Dated: April 15, 2021

Respectfully submitted,

/s/ Jeremy W. Dutra
Peter Koenig
peter.koenig@squirepb.com
Jeremy W. Dutra
jeremy.dutra@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Tel:  (202) 457-6000
Fax: (202) 626-6780

*Counsel for Plaintiff*
*Both-Well (Taizhou) Steel Fittings, Co., Ltd.*