Slip Op. 22-105

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BOTH-WELL (TAIZHOU) STEEL FITTINGS, CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> BONNEY FORGE CORPORATION, <br><br> Defendant-Intervenor. | Before: Claire R. Kelly, Judge <br><br> Court No. 21-00166 |

## OPINION

[Sustaining Commerce's remand results on its administrative review of its countervailing duty order covering forged steel fittings from the People's Republic of China.]

Dated: September 13, 2022

Peter J. Koenig and Jeremy W. Dutra, Squire Patton Boggs (US) LLP, of Washington, D.C., for plaintiff Both-Well (Taizhou) Steel Fittings, Co., Ltd.

Roger B. Schagrin, Benjamin J. Bay, Christopher T. Cloutier, Elizabeth J. Drake, Jeffrey D. Gerrish, Kelsey M. Rule, Luke A. Meisner, Michelle R. Avrutin, Nicholas J. Birch, and William A. Fennell, Schagrin Associates, of Washington, D.C., for defendant-intervenor Bonney Forge Corporation.

Kara M. Westercamp, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, and of counsel Jared M. Cynamon, Chief Counsel of Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C. for defendant United States.

Kelly, Judge:   Before the court is the U.S. Department of Commerce's ("Commerce") remand results filed pursuant to the court's order in <u>Both-Well (Taizhou) Steel Fittings, Co., Ltd. v. United States</u>, 557 F. Supp. 3d 1327 (Ct. Int'l Trade 2021) ("<u>Both-Well</u>") in connection with Commerce's final determination in administrative review of the countervailing duty ("CVD") order on forged steel fittings ("FSF") from the People's Republic of China ("China").   Final Results of Redetermination Pursuant to Ct. Remand, C-570-068 (Dep't Commerce July 8, 2022), ECF No. 40-1 ("Remand Results"); <u>see</u> <u>[FSF] From [China]</u>, 86 Fed. Reg. 14,722 (Dep't Commerce Mar. 18, 2021) (final results of [CVD] Admin. Review; 2018), ECF No. 19-4, and accompanying Issues & Decision Memo., C-570-068 (Mar. 10, 2021), ECF No. 19-5; <u>[FSF] from [China]</u>, 83 Fed. Reg. 60,396 (Dep't Commerce Nov. 26, 2018) ([CVD] Order).

The court presumes familiarity with the facts of this case as set out in its previous opinion ordering remand to Commerce, and now only recounts those facts relevant to the court's review of the Remand Results.   <u>See</u> <u>Both-Well</u>.   For the following reasons, Commerce's Remand Results are sustained.

### JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction pursuant to section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018),[1] and 28 U.S.C. § 1581(c) (2018),

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2018 Edition.

which grant the court authority to review actions contesting the final determination in an administrative review of a CVD order. The court will uphold Commerce's determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. 1516a(b)(1)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed 'for compliance with the court's remand order.'" Xinjiamei Furniture (Zhangzhou) Co. v. United States, 968 F. Supp. 2d 1255, 1259 (Ct. Int'l Trade 2014) (quoting Nakornthai Strip Mill Public Co. v. United States, 32 CIT 1272, 1274 (2008).

## DISCUSSION

In Both-Well, the court remanded Commerce's final determination, in which Commerce applied facts available with an adverse inference to calculate Both-Well (Taizhou) Steel Fittings, Co., Ltd.'s ("Both-Well") CVD rate, for further explanation or reconsideration. Both-Well at 1337. The court found Commerce's determination that there was a gap in the record, due to the Government of China's ("GOC") failure to cooperate with Commerce's review, warranting the application of AFA, unsupported by substantial evidence. Id. at 1331–37. Specifically, the court held that Commerce may not determine that unrebutted evidence submitted by Both-Well and its U.S. customers showing they did not use China's Export Buyer's Credit Program ("EBCP") during the period of review constituted a gap in the record without attempting to verify the non-use certifications provided. Id. at 1335–37. The court explained that, if Commerce wished to continue using facts available with an adverse

Court No. 21-00166 Page 4

inference on remand, "it must attempt to verify the non-use certifications by either asking Both-Well to have its U.S. customers explain in detail how the customers were able to certify that they did not either directly or indirectly benefit from the EBCP, or through some other alternative means of verifying the non-use certifications." Id. at 1337.

On remand, Commerce issued questionnaires and supplemental questionnaires to Both-Well and its U.S. customers to verify non-use of the EBCP. Remand Results at 7. The customers provided a reconciliation of their financing during the period of review, "including complete audited financial statements, general ledgers, trial balances, charts of accounts, loan documentation including details of the loan specifics and purpose, as well as screenshots from the customers' accounting systems." Id. at 7. Upon review of these responses, Commerce determined there is no evidence that the customers applied for or used, directly or indirectly, the EBCP during the period of review; therefore, the use of facts available with an adverse inference was not warranted. Id. at 7–8. Commerce revised its subsidy rate calculations for Both-Well for the period of review, from 25.90 percent to 15.36 percent ad valorem. Id. at 8–9. No party objects to Commerce's Remand Results, the Remand Results are reasonable, and the Remand Results comply with the court's Remand Order. See Xinjiamei, 968 F. Supp. 2d at 1259.

## CONCLUSION

For the foregoing reasons, the Remand Results are supported by substantial evidence, comply with the court's order in <u>Both-Well</u>, and are therefore sustained. Judgment will enter accordingly.

<u>/s/ Claire R. Kelly</u><br>
Claire R. Kelly, Judge

Dated:       September 13, 2022
             New York, New York